## THE PEOPLE *v.* GREEN.

AN indictment for larceny, describing the property stolen as "fifteen twenty dollar pieces, and twenty-five ten dollar pieces, and ten five dollar pieces, of the gold coin of the United States, of the value of five hundred and fifty dollars," is not defective, as not averring the value of each particular piece of coin.

The general observations of the Court in *People* v. *Cohen* (8 Cal.) must be limited by the facts to which they apply.

*The People* v. *Ball* (14 Cal.) commented on.

APPEAL from the Court of Sessions, Tuolumne county.

The point taken by defendant was on demurrer to the indictment, and by motion in arrest of judgment.

When the case was called for trial, defendant moved for a continuance, on account of the absence of witnesses, "by whom he alleged he could prove that he was the owner and in possession of some three hundred dollars in gold coin on the day before the alleged larceny. Whereupon the prosecuting attorney admitted the testimony, and went to trial."

The Court, among other things, instructed the jury, that the facts upon which the continuance was asked being admitted, must be taken and considered by the jury as true ; that it was not sufficient for the prosecution to admit that the absent witnesses would testify to the facts set forth, but that when admitted, they must be taken not only as testified to, but as existing in fact, and that the prosecution cannot impeach the facts thus admitted.

Defendant was convicted, and appeals.

*L. Quint*, for Appellant.

1. The essential averments in an indictment under our statute should be the same as at common law. *(People* v. *Lloyd*, 9 Cal. 54; 3 Id. 207; 3 Chit. Cr. L. 735.)

2. The indictment should state that the coin stolen was either the current or lawful coin of the United States, and the species of coin should be specified. *(People* v. *Cohen*, 8 Cal. 42; Whar. Cr. L. 90, 91; *Rex* v. *Fry*, Russ & Ry. 482 ; *Rex* v. *Marshoner*, 1 Mood. C. C. 466.)

3. The value of each piece of coin should be stated. (9 Met. 134; *King* v. *Forsyth*, Russ & Ry. 274; 8 Shipley, 20; 4 S. & R. 194; 2 Archb. Cr. P. 363–4; 6 Ala. 845.)

*H. P. Barber,* for Respondent.

The indictment *does* state the value of each piece of coin. "Twenty dollar pieces" of the gold coin of the United States, is a specific name for United States coin, as "guineas" or "pounds sterling" is in English law. (Arch. Cr. Pl. 48, 49, 50.)

*Thos. H. Williams,* Attorney General, also for Respondent, cited *Reg.* v. *Connell,* 1 Car. & Kir. 190.

*Quint,* in reply, cited *People* v. *Ball,* 14 Cal.; Arch. Cr. Pl. 61; Whar. Cr. L. 132.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

Defendant was indicted for grand larceny, and was convicted. The indictment is as follows:

"That said Charles Green, on the ninth day of December, 1859, at the county of Tuolumne, willfully and feloniously did steal, take and carry away, of the personal property of one Smith Whiting, then and there being, fifteen twenty dollar pieces, and twenty-five ten dollar pieces, and ten five dollar pieces, of the gold coin of the United States, of the value of five hundred and fifty dollars, contrary to the statute in such case made and provided, and against the peace of the people of the State of California."

It is assigned for error that the indictment is defective, in not averring the value of each particular piece or species of coin. But how a man of ordinary understanding could fail to know that a twenty dollar gold piece of the coin of the United States is of any other value than twenty dollars of our money, it is not easy to perceive.

The cases cited by the counsel for the defendant *(People* v. *Cohen,* 8 Cal., and *People* v. *Ball,* 14 Id.) do not apply. The general observations of C. J. Murray in the first case, are to be limited to the facts to which they apply. The last case was wholly different in the facts from those here. There the charge was of stealing $3,000, not specifying the pieces of coin. It is true, the Court say money should be described as so many pieces of the current gold or silver coin of the country; but we think we may very well infer that a twenty dollar piece of the *gold coin* of the United States is current coin of the United States, and is of the value of twenty dollars of our money.

There is no error in the instructions.

Judgment affirmed.