LOUIS F. THERASSON, Plaintiff in Error, *v*. THE PEOPLE OF THE STATE OF NEW YORK, Defendant in Error.

To justify a conviction upon the trial of an indictment for obtaining property or the signature to a written instrument by false pretenses, it must appear by the evidence that the parting with the property or the signing of the instrument was by reason of some of the pretenses laid in the indictment, or that they materially influenced the action of the prosecutor.

It is not necessary, however, that this should be established by direct proof; it may be inferred from other facts tending legitimately to show it.

Upon the trial of an indictment for obtaining the signature of Z. to the discharge of a mortgage by false pretenses, Z. was examined as a witness for the prosecution, but was not asked the direct question as to whether she was influenced or induced to sign by the representations proved. The prisoner's counsel asked the court to charge in substance that although the jury might find the false pretenses to have been made, and

the necessary fraudulent intent, yet the jury had no right to consider these questions, or the evidence as to them, in determining the question whether the pretenses exerted a material influence over the mind of Z.; the court refused so to charge. *Held,* error; that while the falsity of the alleged pretense and the fraudulent intent of the prisoner were both necessary elements of the crime, the question whether the prosecutrix was influenced by the representations was a distinct one, having no necessary connection with the others, and proof of these others reflected no light upon it.

Also, *held,* that the exception to the refusal to charge was not abandoned by a claim on the part of the said counsel that in the absence of testimony by Z., that she was influenced by the representations, the fact could not be found from the other evidence.

*Therasson* v. *The People* (20 Hun, 55), reversed.

(Argued September 20, 1880 ; decided September 28, 1880.)

ERROR to the General Term of the Supreme Court in the first judicial department, to review judgment affirming a judgment of the Court of Oyer and Terminer, in and for the city and county of New York, entered upon a verdict convicting the plaintiff in error of the crime of procuring the signature of one Sarah J. Zabriskie to a satisfaction-piece of a mortgage held by her, by means of false pretenses. (Reported below, 20 Hun, 55.)

The facts material to the questions discussed appear in the opinion.

*William A. Beach* for plaintiff in error. The prosecutrix was bound, in order to establish guilt, to show that she was influenced by the alleged false pretenses. (*Thomas* v. *People*, 34 N. Y. 353.)

*Benjamin K. Phelps,* district attorney, for defendant in error. It was not necessary that the complainant should testify that she relied upon the representations made, before the jury could find that she did so rely. (*People* v. *Sully*, 5 Park. Cr. 142 ; *People* v. *Herrick*, 13 Wend. 87.)

ANDREWS, J. In order to justify a conviction upon the trial of an indictment for false pretenses, it must appear that the prosecutor parted with his property, or signed the written instrument, as the case may be, by reason of some

of the pretenses laid in the indictment, or if not solely by reason of such pretenses, that they materially influenced his action.   In the absence of evidence that the prosecutor relied upon the pretenses charged, the essential averment in such an indictment, that the defendant obtained the property or signature by means thereof, would not be supported.   (*People* v. *Haynes*, 11 Wend. 557; 14 id. 546.)   It is not necessary that this fact should be shown by direct proof.   It is indeed competent to establish it by direct interrogation of the prosecutor, (*People* v. *Herrick*, 13 Wend. 87), but in the absence of direct proof it may be inferred by the jury from other facts and circumstances proved, provided the inference could legitimately be drawn therefrom.   If, for example, upon the trial of an indictment against a vendee for obtaining goods by false pretenses it should appear that the representation laid in the indictment was made when the goods were sold and was calculated to induce the sale, the jury might naturally infer that the representation was a materially operating and inducing motive thereto.   The same would be true where the defendant was charged with obtaining the signature of the prosecutor to a written instrument.   The other elements of the offense being shown, the jury might reasonably find that a pretense calculated to influence the prosecutor did in fact influence him, where the act of signing the instrument charged to have been fraudulently obtained followed proximately the making of the representation.   But it is certainly possible that in the cases supposed, the prosecutor might, notwithstanding, have acted independently of and without reliance upon the representation.   It is quite conceivable that the prosecutor in the one case may have sold the goods, and in the other have signed the instrument for reasons wholly disconnected with the false pretense, paying no regard to the representation and placing no reliance thereon.   This in most cases would be an unnatural inference; but if special facts appeared, it would be for the jury to say whether the representation was an efficient operating cause, influencing the prosecutor's action, or whether he acted from other and wholly disconnected considerations.

The prosecutrix in this case was examined on the trial as a witness for the people, but was not asked whether, in signing the satisfaction-piece, she relied upon the statement of the defendant that the mortgage was not a good investment ; but the character of the representations proved, and the circumstances under which the satisfaction-piece was executed, would have fully justified, although it cannot be said to have required, the finding, that it was executed in reliance upon the representation, and that question was submitted to the jury.

But we think the learned trial judge committed an error in charging the jury upon this question, and in his ruling upon the request of the defendant's counsel in respect thereto. The judge, after explaining to the jury the other elements constituting the offense, correctly stated that the representation made should not only be false, and made with intent to cheat and defraud, but that it should be a materially controlling and operating cause leading to the act of the party who is deceived, and that it was not necessary that the prosecutrix should have been asked the direct question whether she was influenced or induced to sign the satisfaction-piece by the representation proved, and that in the absence of such a direct question that fact might be found by the jury if the surrounding circumstances justified it. The judge then proceeded as follows: "When the party states that such a representation was made, and that he acted upon it and the object has been accomplished, and the jury see as a result that he was cheated and defrauded, and they find evidence of an intent to cheat and defraud, and that the representation made was false, from these and surrounding circumstances they would be justified in concluding that the party was induced to act upon such representation."

On the conclusion of the charge the defendant's counsel stated that he understood the court to have charged that in determining the question whether the prosecutrix relied upon the alleged or proven false pretense, or whether it exerted a material influence over her mind, the jury were at liberty to consider upon that question, the evidence showing the fraudulent intent of the defendant, and he thereupon asked the court

to charge, " that although the jury may find the false pretense to have been made, and although they may find the necessary fraudulent intent, that in determining the question whether the pretense exerting a material influence over the mind of Mrs. Zabriskie, they have no right to consider the question or the evidence as to the fraudulent intent, or as to the false representation." The judge, in response to this request, said : "'I charge that they have a right to consider all the evidence in the case bearing upon the subject directly or indirectly." The defendant's counsel excepted to the refusal of the court to charge as requested.

We think the exception was well taken. The prosecutrix could not have been deceived by a representation which she at the time knew to be false, and it must be assumed, in disposing of the exception (as was doubtless the truth), that she was then ignorant of the falsity of the pretense, and of the fraudulent intent of the defendant. It is manifestly imposssible that the fact that the representation was false, or that the defendant in making it intended to cheat and defraud, could have influenced the conduct of the prosecutrix. Such an assumption supposes knowledge on her part which, if it existed, would have entitled the defendant to an acquittal. The falsity of the alleged pretense and the fraudulent intent of the defendant were both elements in the crime, and the prosecution was bound to show that they existed in the case, but the question whether the prosecutrix was influenced by the representation was a distinct one, having no necessary connection with the others, and proof that the representation was false to the knowledge of the defendant, reflected no light upon the point whether the prosecutrix acted upon it. The charge was susceptible of the construction placed upon it by the defendant's counsel, and justified his request to the court. The answer made by the court stated what is undoubtedly the law, that all legitimate evidence bearing directly or indirectly upon a particular fact may be considered by the jury in determining that fact, but it did not meet the point of the request that the particular facts alluded to were irrelevant to the in-

quiry whether the prosecutrix was deceived by the representation made.    The defendant was entitled to the explicit instruction of the court upon the point suggested.

The subsequent statement of the defendant's counsel cannot be construed as an abandonment of the exception.    That simply called the attention of the court to the claim made by him, that in the absence of direct testimony by Mrs. Zabriskie, that she was influenced by the representation, that fact could not be found by the jury from the other evidence.    This claim was unfounded, but by making it the defendant did not waive the exception to the refusal to charge, to which we have referred.    For this error the judgment and conviction should be reversed, and it is unnecessary to consider the other questions in the case.

All concur, except FOLGER, Ch. J., and RAPALLO, J., not voting; MILLER, J., concurring in result.

Judgment reversed.