119 595
123 272

[Crim. No. 315.   Department One.—January 15, 1898.]

## THE PEOPLE, Appellant, v. E. J. BRYANT, Respondent.

CRIMINAL LAW—OBTAINING MONEY UNDER FALSE PRETENSES—ASSIGNMENT OF NOTE AND MORTGAGE—MISREPRESENTATIONS AS TO MORTGAGED PROPERTY—RESPONSIBILITY OF MAKER OF NOTE—SUFFICIENCY OF INDICTMENT.—An indictment charging the defendant with the obtaining of money under false pretenses, from the purchaser of a note and mortgage, sold by the defendant with intent to cheat and defraud such purchaser of her money, and under the false and fraudulent representation that the mortgaged land was good tillable land, of good soil, and of great value, and sufficient as security for the payment of the note, and the false and fraudulent pointing out of lots of land of that character which were not included in the mortgage, whereby the purchaser, having no knowledge of the facts, and believing the truth of such pretenses, was induced to make the said purchase and part with her money therefor to the defendant, whereas in truth and in fact the lots described in the mortgage were not good or tillable land or of any value, or sufficient as security for the payment of any sum whatever, and were not the lots so pointed out, as defendant then and there well knew, etc., sufficiently states an offense, and it is error to sustain a demurrer to such indictment, upon the ground that it does not state that the maker of the note was unable to pay the same, or that it has not been paid.

ID.—PROPERTY OBTAINED BY FRAUDULENT PRETENSES NEED NOT BE LOST.—If a person is induced to part with property by reason of fraudulent pretenses and misrepresentations, he is thereby defrauded of the property so parted with, even though he may eventually make himself whole in some mode not then contemplated; and it is not necessary to show that the property has been absolutely lost to him, or that he cannot recover its value in a civil action, in order to sustain the charge.

ID.—FALSE REPRESENTATIONS INDUCING PAYMENT OF MONEY.—Whether the false and fraudulent representations made by the defendant did in fact induce the purchaser of the note and mortgage to part with her money is one of the elements of the charge to be established at the trial; but if established to the satisfaction of the jury, and shown to have been false and fraudulent, and made by the defendant knowingly and designedly, she was defrauded of her property by the defendant by means of these representations.

APPEAL from a judgment of the Superior Court of Los Angeles County.   B. N. Smith, Judge.

The facts are stated in the opinion of the court.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Appellant.

A. B. McCutchen, and Ben Goodrich, for Respondent.

HARRISON, J.—The superior court sustained a demurrer to the indictment filed herein against the defendant for obtaining money under false pretenses, and the people have appealed from the judgment entered thereon. It is charged in the indictment that the defendant, intending and designing to cheat and defraud one Harriet E. Hoxie of her money and property, proposed and offered to sell and assign to her a promissory note for the sum of five hundred dollars, theretofore made to him by one Emma A. Lewis, together with a mortgage, securing its payment, the said mortgage being upon lots 1 and 2, block No. 41 of the Rancho Providencia and Scott tract, and did then and there willfully, knowingly, falsely, fraudulently, and designedly represent and pretend to the said Harriet E. Hoxie that the land covered by said mortgage was good, tillable land, of good soil and of great value, and fully sufficient as security for the payment of the sum of money mentioned in said promissory note, and did point out and exhibit to her certain lots of land other than those described in the mortgage, which were in fact good and tillable land and valuable and sufficient as security for said payment, and did willfully, knowingly, designedly, falsely, and fraudulently represent and pretend to her that these last pieces of land, so pointed out by him, were the ones described in said mortgage; that the said Harriet E. Hoxie had no knowledge or information of the location of the lots described in said mortgage, or of their character, value, or condition, and that she believed the representations and pretenses so made to her by the defendant, and relied upon the same, and was induced thereby to and did buy the said promissory note and mortgage, and paid to the defendant therefor the sum of five hundred dollars, her own property and money; whereas, in truth and in fact, the lots described in said mortgage were not good or tillable land or of any value or sufficient as security for the payment of any sum of money whatsoever, as the said defendant then and there well knew; and, whereas the lots pointed out and represented by him to the said Harriet E. Hoxie to be the lots described in said mortgage were not the lots described in said mortgage, as the defendant then and there well knew, and that each and all and every of the said pretenses and representations made by the defendant to the said Harriet E. Hoxie were false, fraudulent, and untrue to the then knowledge of the said defendant.

Section 532 of the Penal Code provides: "Every person who knowingly and designedly, by false or fraudulent representations or pretenses, defrauds any other person of money or property . . . . is punishable in the same manner and to the same extent as for larceny of the money or property so obtained." It is contended in support of the demurrer to the indictment that an offense against this provision of the section is not committed unless it appears that the person to whom the representations were made has been deprived of his property by reason of the fraud committed against him; that as the fraudulent representations charged in this indictment related solely to the property described in the mortgage, and as the mortgage is only a security for the payment of the promissory note, and as it is not charged that the maker of the note is unable to pay the same, or that it has not been paid, the indictment fails to show that she has been defrauded of any of her property. We cannot concur in this construction of the statute. If a person is induced to part with his property by reason of fraudulent pretenses and misrepresentations, he is thereby defrauded of the property so parted with, even though he may eventually make himself whole in some mode not then contemplated. It is not necessary to show that the property has been absolutely lost to him in order to sustain the charge. He is defrauded of his property when he is induced to part with it by reason of the false and fraudulent pretenses and representations, and the offense is complete when by means of such false pretenses the fraud thereby intended is consummated by obtaining possession of the property sought. The man who falsely pretends to be the owner of certain specified property, and by reason of such pretense fraudulently obtains the property of another, is guilty of obtaining that property by false pretenses, notwithstanding the defrauded party may recover the value of the property in a civil action against him. "If the false pretense was among the means by which he obtained the valuable thing, he has committed the full crime the same as though no other influence combined therewith." (2 Bishop's Criminal Law, sec. 424.) In *Clark v. People,* 2 Lans. 329, where the defendant was charged in the indictment with obtaining property upon the security of his promissory note through false and fraudulent representations as to his ability to pay the same, the court held that it was not

necessary that the indictment should show that the note had not been paid, saying: "The allegation that the property was fraudulently obtained shows that the crime was consummated, and payment of the note after this would not blot out the offense or atone for its commission. It was not material, therefore, to allege that the note was not paid." (See, also, *Skiff v. People*, 2 Park. C. 139; *Commonwealth v. Coe*, 115 Mass. 481.) In *People v. Cook*, 41 Hun, 67, the indictment charged the defendant with having sold to the prosecuting witness, and obtained his money therefor, a promissory note, upon the false representation that the maker of the note was not a certain person of the same name, who lived in the same town, and that the prosecutor, being deceived thereby, was induced to pay his money for the note; and to the objection that the indictment was defective in not alleging that anyone was injured by the pretenses, as it did not charge that the real maker of the note was irresponsible, the court said: "Although there is no allegation that the maker of the note was less responsible than the person represented as the maker, yet it charges that the person to whom the representations were made was induced by the false pretenses to part with his money, and that they were made with intent to cheat and defraud him, and it may be that he was prejudiced. The purpose of the statute is to protect against imposition, and not to permit guilt to depend upon the uncertain determination of the question whether any pecuniary injury resulted in some view which might be taken of the situation. The indictment alleges that the person applied to by the defendant was induced to take the note on the credit of the party who was represented to him as the maker. It cannot be inferred that he would have done so on the credit of the person who had in fact executed the note."

Upon the face of the indictment herein, it is sufficiently charged that the defendant knowingly and designedly, with the intent and design to cheat and defraud Mrs. Hoxie, made certain false and fraudulent representations to her concerning the value of the security for the note, and that she was induced thereby to and did buy the note and mortgage, and paid to him therefor the sum of five hundred dollars. Whether these representations did in fact induce her to part with her money is one of the elements of the charge to be established by the people at the trial (*State v.*

*Fooks,* 65 Iowa, 196; *Therasson v. People,* 82 N. Y. 238; Wharton's Criminal Law, sec. 1176; Bishop's Criminal Law, sec. 461); but if established to the satisfaction of the jury, and shown to have been false and fraudulent, and made by the defendant knowingly and designedly, she was defrauded of her property by the defendant by means of these representations.

The judgment is reversed, and the superior court is directed to overrule the demurrer to the indictment.

Garoutte, J., and Van Fleet, J., concurred.

Hearing in Bank denied.