[Crim. No. 557.  Department One.—December 5, 1899.]

THE PEOPLE, Appellant, v. SAMUEL B. TERRILL, Respondent.

CRIMINAL LAW—FORGERY—INSUFFICIENT INDICTMENT.—An indictment charging the forgery of a mortgage, which does not state facts showing that the mortgage could have injured or defrauded anyone, or that it was given to secure an indebtedness or other obligation, or that it purported to be a valid writing obligatory, is insufficient to show the existence of any crime.

ID.—PRESUMPTIONS—AID OF INDICTMENT.—The presumptions are all in favor of the innocence of the accused, and in no case can an indictment be aided by imagination or presumption. If the facts stated may or may not constitute a crime, the presumption is that no crime is charged.

APPEAL from an order of the Superior Court of Santa Clara County sustaining a demurrer to an indictment. William G. Lorigan, Judge.

The facts are stated in the opinion.

Tirey L. Ford, Attorney General, A. A. Moore, Jr., Deputy Attorney General, and James H. Campbell, District Attorney of Santa Clara County, for Appellant.

Jackson Hatch, and H. L. Partridge, for Respondent.

COOPER, C.—This is an appeal from an order sustaining defendant's demurrer to an indictment. The grand jury of Santa Clara county, on the ninth day of May, 1899, presented an indictment against the defendant in the following language:

"The said Samuel B. Terrill is accused by the grand jury of the county of Santa Clara, state of California, by this indictment, found this ninth day of May, A. D. 1899, of the crime of forgery, committed as follows: The said Samuel B. Terrill, on the first day of December, A. D. 1896, at the county and state aforesaid, uttered, published, and passed as true and genuine a certain false, forged, and counterfeit mortgage of said date, purporting to be made and executed by one George Donlan in favor of Clara A. Fread, said Samuel B. Terrill then knowing

the same to be false, forged, and counterfeit, with the intent on the part of said Samuel B. Terrill to prejudice, damage, and defraud said Clara A. Fread, contrary to the form, force, and effect of the statute in such cases made and provided, and against the peace and dignity of the people of the state of California."

To this indictment the defendant interposed a demurrer upon the grounds that it does not substantially conform to sections 950, 951, and 952 of the Penal Code, and that the facts stated do not constitute a public offense. The court below sustained the demurrer. Forgery is defined in section 470 of the Penal Code as follows: "Every person who, with intent to defraud another, falsely makes, alters, forges, or counterfeits any . . . . deed, lease, indenture, writing obligatory . . . . is guilty of forgery." The word "mortgage" is not used in the section nor elsewhere in the code in defining forgery. Conceding that a mortgage is included in the words "indenture or writing obligatory," the indictment must show that the mortgage is such in its legal character as, if genuine, might injure or defraud another. The only description of the mortgage alleged to have been forged is the date, December 1, 1896, "Purporting to be made and executed by one George Donlan in favor of Clara A. Fread." Whether the mortgage was one which could in any manner have injured anyone is, when measured by the indictment, a matter of conjecture. Whether it was given upon real or personal property, upon any property, or upon the planets, is not disclosed. It is not shown that it was given to secure any promissory note or indebtedness of any kind or any obligation. It may have been void on its face, or given in direct contravention of some statute, or it may have been given for an unlawful purpose, and yet the information be true. It is an elementary principle of criminal law that the indictment or information must state that a crime has been committed, either by direct and positive averment in the language of the statute or its equivalent, or by stating facts which show that such crime has been committed. In no case can the indictment be aided by imagination or presumption. The presumptions are all in favor of innocence, and if the facts stated may or may not constitute a crime the presumption is that no crime is charged.

It may be that the defendant is guilty of some offense, perhaps of forgery, but we have nothing to guide us except the indictment. The officer intrusted by the law with the duty of drawing the indictment should have set forth facts showing that a crime had been committed.

The order should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.        Garoutte, J., Harrison, J., Van Dyke, J.

Hearing in Bank denied.