[Crim. No. 555.   Second Appellate District.—October 25, 1917.]

## THE PEOPLE, Respondent, v. ROBERT R. ROGERS, Appellant.

CRIMINAL LAW—FALSE PRETENSES.—The evidence in this case is held to be sufficient to sustain the charge of false representations as to ownership of property sold by defendant.

ID.—SUFFICIENCY OF INFORMATION —CHARACTER OF MONEY OBTAINED.— An information charging the obtaining by false pretenses of the sum of six hundred dollars is sufficient without stating that such sum was "lawful money" or current coin of the United States.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

C. A. Bridges, J. B. Tatlow, and Jesse R. Shafer, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

JAMES, J.—Appellant was convicted of the crime of obtaining money by false and fraudulent representations and pretenses.   He appeals from the judgment entered after his conviction by a verdict of the jury.   The evidence presented in the trial court and brought here under the alternative method of appeal tells a convincing story of the consumma-

tion of a barefaced scheme by which a working girl was defrauded of her savings to the amount of six hundred dollars. The complainant testified that she, together with a girl friend, desired to purchase the lease and furniture of some lodging-house which they might thereafter conduct. Through a friend they were introduced to this appellant, who appeared to be in the business of negotiating such deals; that appellant took them to a hotel which he said he could secure for them, and requested them to make a deposit so that he might bind the bargain. Thereupon he was given by the complainant a check for the sum of $25. Several days elapsed, at which time he reported to complainant that the negotiations were not entirely closed, and finally he reported that he was unable to make the deal for the house which he had exhibited, and told the complainant that he had another house which he wanted her to look at. This witness testified: ''He told us that he had bought that place, he got that place, and he wanted us to go over and look at it; that he fell through with the other deal and he was going to give us that place instead of the Argus Hotel. . . . We went to see the place and it met with our approval. . . . He said the rent was $226, but he would get it for us for $150. He told us to move over there that night and take possession, that he would come over next morning and fix things.'' The complainant and her friend did move into the lodging-house and attempted to take possession, but they were ousted therefrom a few days later by the landlord. It appeared in testimony that the appellant neither acquired the ownership of the lease on the premises, nor the ownership of the furniture and furnishings. It further appeared that there were arrearages of rental due from the then tenant of the property to an amount in excess of four hundred dollars, which the landlord was insisting should be paid before he would consent to a transfer of the lease being made. The return of the money was demanded by the complainant, but the appellant did not return the same, and his arrest followed. It sufficiently appeared by every fair inference to be made from the oral testimony given that complainant relied upon representations as to the ownership of the lodging-house so made to her by appellant. It should be further stated that the total amount of six hundred dollars was paid over to appellant with intent that the money should be used in the purchase of the hotel

first shown to the complainant. However, it also appeared
that upon appellant's reporting that he could not consum-
mate the deal for the first house, he continued to hold the
money, and it was later agreed that the amount should be
applied on the purchase of the second house which appellant
claimed he owned. The agreement regarding the purchase
of the second house was reduced to writing and signed, which
contained the recital made on behalf of Rogers that he sold
and transferred all of the household furniture and furnish-
ings at the premises in question, "together with the lease"
of the same. The fact that the money was first deposited with
appellant with the understanding that he was to purchase the
house first exhibited to complainant does not in any wise
weaken the position of the prosecution which asserts that the
money was in fact paid over on account of the representations
made as to the ownership by appellant of the second house.
The first deal having fallen through, the money of complain-
ant in the hands of appellant was money which appellant had
no ownership of, but he held the same as the agent or trustee
for the complainant. When upon his representations she
decided to make the purchase of the second lease and furni-
ture, the money would be considered as being then delivered
to the appellant for the last-named purpose simultaneously
with the execution of the written contract covering the al-
leged deal.

The point made that the evidence is insufficient to sustain
the verdict to us appears not to be well taken. The informa-
tion charged that the appellant represented and pretended
that he "was then and there the owner of the furniture and
lease of the Tradewind Apartments, in the city of Los An-
geles, . . . ; that the same was then and there free and clear
of all encumbrances and then and there offered to sell the
same to the said Ella Kunkel for the sum of twenty-five hun-
dred dollars, six hundred dollars in cash and eleven hundred
dollars to be paid at the rate of fifty dollars per month, ac-
cording to the provisions of a certain contract, . . . " It is
thoroughly illustrated by the evidence that defendant in-
tended, when he stated that he was the owner of the apart-
ments (it was so understood by the complainant) to convey
the information that he was the owner of the leasehold in-
terest, together with the furnishings. As before stated, the
evidence showed that he had never acquired the lease nor

the right of possession thereunder from the landlord or owner, and consequently never delivered anything of value to complainant. As a matter of fact, the furniture was also encumbered by a mortgage. The evidence was amply sufficient to sustain the verdict.

Objection was made in the trial court, and it is also urged here, to the introduction of the testimony showing statements made with reference to the hotel which appellant first proposed to sell to complainant. It will be remembered that the money of the complainant was placed in the hands of appellant for the purpose, first, of consummating the deal which he pretended could be made for the house first exhibited, and the whole transaction, including the negotiation and making of the agreement for the apartments, was so connected that such evidence was properly admitted as showing the whole circumstances of the transaction. The jury could not well have been given a clear understanding of the matter without being furnished evidence of all such details.

The information charged that as a result of the making of the false pretenses appellant secured from complainant "the sum of six hundred dollars ($600)." Appellant complains that this recitation in the information did not contain a description of anything of value; that is, that there should have been coupled with it some statement that the money was lawful money or current coin of the United States. We think that the allegation in this particular is sufficient. It will be assumed as necessary inference that the money so described was money of the United States and not money of a foreign country. While not precisely in point as to the facts, the decision in the case of *People* v. *Green,* 15 Cal. 512, is authority for this holding. See, also, the case of *People* v. *Poggi,* 19 Cal. 600.

Another complaint made by appellant is that the information failed to charge a public offense in that it was not set forth therein that the particular representations and pretenses alleged to have been made were untrue. The information, after setting out specifically the representations made and to which we have hereinbefore referred, contained a general allegation that "in truth and in fact each and all of the said pretenses and representations so made as aforesaid by the said R. R. Rogers to the said Ella Kunkel were then and there in all respects utterly false, fraudulent and untrue,

and were well known by the said R. R. Rogers to be false, fraudulent, and untrue.'' There was a further statement in the information that the said Rogers was not then and there the owner of the apartments, and that the same were not then and there free of encumbrance. Counsel argue from this that such statement is a statement affecting the ownership of the apartments as distinguished from the lease and furniture. The information first charged that the representations were that appellant was the owner of the furniture and lease. We do not concede that this latter statement in any wise limited the effect of the general allegation that each and all the pretenses and representations ''so made as aforesaid'' were untrue, but were we to concede logic to such construction, it still appears that the appellant represented that he was the owner of the leasehold interest, which was an interest in the realty and which representation would be negatived by the allegation that he was not in fact the owner of the apartments, if the latter allegation is deemed to refer alone to the realty. However, the general allegation was present asserting that all of the representations made were untrue, and this we think sufficient. We find nothing in the case of *People* v. *Terrill,* 127 Cal. 99, [59 Pac. 836], to change our view upon this matter, and cite in support of our holding *People* v. *Hamberg,* 84 Cal. 468, [24 Pac. 298], and the argument of the decision in *People* v. *Bryant,* 119 Cal. 595, [51 Pac. 960]. All the acts of the defendant, as illustrated by the evidence in this case, show beyond any question a deliberate intent to secure money of the complainant fraudulently and without returning anything of value therefor. The swindle as planned and carried out was without shadow of excuse or palliating circumstance.

No other points are presented or relied upon which we think are entitled to any consideration here.

The judgment is affirmed.

Conrey, P. J., and Works, J., *pro tem.,* concurred.