## THE PEOPLE *v.* GOLDSTEIN.

FORMER CONVICTION—PLEA OF.—If a defendant in a criminal case when arraigned pleads guilty, and his plea is entered of record by the Court, he is convicted of the crime without a trial, and this conviction is a good defense upon a plea of a former conviction if he is again indicted for the same offense, although no judgment was pronounced by the Court upon the plea of guilty.

APPEAL from the County Court, Los Angeles County.

The defendant was convicted upon the second trial and sentenced by the Court, and appealed from the judgment.

The other facts are stated in the opinion of the Court.

*E. J. C. Kewen,* for Appellant.

*J. G. McCullough, Attorney-General,* for the People.

By the Court, SANDERSON, J.:

The defendant was indicted for grand larceny jointly with one Coleman. He pleaded guilty, and his plea was entered of record and a time appointed for pronouncing judgment. Coleman pleaded not guilty, and a jury was called. At the trial it appeared that the stolen property belonged to five persons, only four of whom were named in the indictment. The District Attorney and the Court were of the opinion that the variance was fatal, and accordingly the indictment was quashed and the jury discharged. Upon the motion of the District Attorney, the case was referred back to the grand jury, which found another indictment against both Goldstein and Coleman. No judgment was pronounced upon Goldstein's plea of guilty at the time appointed, nor has there been up to the present time; but he was arraigned upon the second indictment, to which he pleaded a former conviction and not guilty. Upon the trial of the first plea, he offered in evidence the proceedings against him under the first indictment.

The Court charged the jury as follows: " 1st—A plea of guilty is not conviction. 2d—A party cannot be convicted of a crime except by the verdict of a jury, or his confession, and

a judgment of the Court thereon.   3d—A dismissal of a case after the plea of guilty, and a submission of the case to another grand jury, is not a former conviction for the same crime. 4th—The fact that a former indictment is still pending, if proved, would not sustain the plea of a former conviction." To this charge the defendant excepted.

Where a defendant pleads guilty, and his plea is entered of record as provided in the Criminal Practice Act, (Sec. 300,) he stands convicted in the eye of the law as fully as he would have been by a verdict of guilty.   He is convicted by his plea, and there is, therefore, no occasion for a trial, and nothing remains to be done except to pronounce judgment.   On the question of former conviction there can be no distinction between a plea and a verdict of guilty, for both are followed by the same consequences.

Nor is it necessary that a judgment should have been pronounced upon the conviction to make the plea of former conviction good.   (1 Bishop on Criminal Procedure, Sec. 581 ; *The State* v. *Elden*, 41 Maine, 165.)

Judgment reversed.