[Crim. No. 2089. Second Appellate District, Division Two.—September 29, 1931.]

THE PEOPLE, Respondent, v. JAMES B. FOSTER, Appellant.

Buel R. Wood for Appellant.

U. S. Webb, Attorney-General, and Ralph O. Marron, Deputy Attorney-General, for Respondent.

CRAIG, J.—The appellant was found guilty by a jury of the crime of grand theft, a felony, and appealed from the judgment, entered accordingly.

Witnesses who testified on behalf of the People swore that Foster represented to prospective purchasers of a place of business in Los Angeles County that the daily returns therefrom were remunerative and profitable; that he induced them to observe from a near-by vantage point the large patronage of his establishment and to form their own conclusions as to the truthfulness of his said representations, stating that he received all of the custom from an adjoining hotel, and that the business was a success. In reliance upon such statements and apparently attractive clientele the complaining witness purchased appellant's business. From evidence of the purchaser, certain patrons and others, and from actual accounts, it appeared that the custom during negotiations was principally fictitious, that appellant conspired with various persons to visit his store, with the agreement that he had "suckers outside in an automobile ready to buy", and that no charge would be or was in fact made for service at such times. The earnings prior to the sale were much less than the daily amounts stated, and thereafter the business was found to be a failure rather than a success.

The ground assigned for reversal is an asserted insufficiency of the evidence to sustain the judgment, and it is argued that since appellant did not guarantee the volume of trade to the purchaser which might be expected after sale, and in the absence of a showing that the latter did not receive returns equal to the represented volume of sales, that no offense was shown to have been committed.

It was not charged that the defendant misrepresented the future prospects of said business other than by falsely portraying a worthless project as an attractive investment, in response to the buyer's insistence that he be furnished with knowledge as to true conditions. If the jury believed that the defendant, with intent to defraud, knowingly made false representations of an existing fact, for the purpose and with the effect of inducing the prosecuting witness to part with something of value, it was their duty to find him guilty. (*People* v. *Jordan,* 66 Cal. 10 [56 Am. St. Rep. 73, 4 Pac. 773].) The representation as to volume of business and the falsity of its character might well have been inferred from all of the evidence. It was a representation and statement of present or past fact by which appellant intended to convey and did convey the idea that he had a

remunerative business which was of some magnitude. It may have been deemed a material factor in leading the purchaser to believe that he would make large profits if he accepted appellant's offer. (*People* v. *Walker,* 76 Cal. App. 192 [244 Pac. 94].)

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.