[Crim. No. 441.   Fourth Appellate District.—April 17, 1939.]

THE PEOPLE, Respondent, v. BENJAMIN TELLEZ, Appellant.

Edward B. Patterson for Appellant.

Earl Warren, Attorney-General, and Burdette J. Daniels, Deputy Attorney-General, for Respondent.

MARKS, J.—Defendants were charged with grand theft, committed by the stealing of an automobile. Three prior convictions of felonies were alleged against Valencia. Tellez appeals from the judgment and the order denying his motion for new trial.

Tellez presents three grounds which he urges require a reversal of the judgment and order: (1) That the evidence does not show that defendants took the automobile with the intent to permanently deprive the owner of the same; (2) that the trial court erred in submitting to the jury, as a question of fact, defendants' intent in taking the automobile; (3) that the trial court erred in refusing the request of the attorney for Tellez to instruct the jury by giving either the text or substance of section 499b of the Penal Code.

Tellez admits he is guilty of petit theft and urges us to modify the judgment by finding him guilty of that crime and not guilty of grand theft.

On the evening of November 20, 1938, Guadalupe Perez, the owner of the automobile, parked it in front of a dance hall in Holtville in Imperial County. He locked the ignition and took the key with him into the dance hall. At about 12 o'clock midnight he found his car missing. About an hour and one-half later it was found on a dirt road about four

miles from Holtville. Its wheels and tires had been removed and a robe and some small tools were missing.

When defendants were arrested they admitted moving the automobile from Holtville to the place where it was found. They also admitted taking the missing property. As they could not start the engine of the Perez car, Valencia guided it while Tellez, driving his own automobile, pushed it from in front of the dance hall to the spot where it was found. Both defendants admitted taking the tires, wheels and other personal property with intent to appropriate them to their own use but denied any intent to permanently deprive Perez of the balance of his automobile. They further admitted that they did nothing towards helping Perez recover his car and did not care whether or not he ever recovered it.

Under these circumstances the question of intent was one of fact which the trial court properly submitted to the jury. The facts of the case justify the reasonable inference which the jury drew from them; that defendants intended to permanently deprive Perez of his automobile. That inference having been drawn by the jury its implied finding is final and conclusive here even though the same facts might have supported a contrary inference.

What we have already said also disposes of Tellez's second contention. Under the record here the intent of defendants was an issuable fact properly submitted to the jury. Intent may be proved by circumstantial evidence and may be inferred from the circumstances surrounding the crime. (*People* v. *Arnold,* 17 Cal. App. 68 [118 Pac. 729]'.) Instructions on the question of intent quite similar to those given in the instant case were held proper in *People* v. *Bones,* 35 Cal. App. 429 [170 Pac. 166].

The trial judge did not err in refusing to read section 499b of the Penal Code or to give a summary of it to the jury. That section makes it a crime for any person to take any automobile for the purpose of temporarily using or operating it without the permission of the owner. It is clearly intended to prevent unauthorized ''joy riding'' in other people's automobiles. It defines a crime separate and distinct from and not necessarily related to theft. Under the facts before us

there was no occasion to give any instruction on the provisions of that section.

The judgment and order are affirmed.

Barnard, P. J., and Griffin, J., concurred.