[Crim. No. 3231. Second Appellate District, Division One.—November 21, 1939.]

THE PEOPLE, Respondent, v. LEONA PETERS LOVLEE, Appellant.

Bertram H. Ross for Appellant.

Earl Warren, Attorney-General, and L. G. Campbell, Deputy Attorney-General, for Respondent.

DORAN, J.—Defendant appeals from an order denying her motion for a new trial after conviction of four counts of perjury by the court, a jury trial having been duly waived.

The general nature of the alleged offenses related to the posting of so-called property bail bonds.

Briefly, in substance, the information alleged that defendant appeared on one occasion before the judge of the municipal court of Long Beach, California; on another occasion before a judge of the Superior Court of the State of California, in Los Angeles; on another before a duly qualified and acting deputy county clerk of Los Angeles County, and on another before a duly acting and qualified court commissioner of the Superior Court of Los Angeles County, where, upon each occasion, defendant "under oath duly administered" falsely swore and deposed that she was the owner of various items of real property of certain values respectively, whereas in truth she was not the owner thereof nor did such property have the value claimed for it by defendant. It was further alleged that all of the alleged testimony given by defendant before the magistrate in connection with her examination and qualification as a bondsman was for the purpose of deceiving the court and to procure the approval of the bail bond then and there offered by defendant.

The record reveals that upon the day fixed for the pronouncing of judgment, defendant moved for a new trial upon

three grounds, namely, "that the evidence was insufficient to justify the decision"; "errors of law occurring at the trial"; and "newly discovered evidence". No affidavits were offered in support of the last-mentioned ground. The motion was submitted without argument and forthwith denied.

It is contended on appeal: first, "That the information does not state facts sufficient to constitute a public offense"; second, that "The evidence is legally insufficient to support the conviction"; and, third, that "The evidence is not corroborated in the manner provided for by law".

■ As to the first contention above mentioned, no demurrer was interposed to the information, and, in the circumstances, its sufficiency cannot be considered on appeal. As hitherto declared, "The suggestion in appellant's brief, of a defect in the information, cannot be considered, since there is no appeal from the judgment. (*People* v. *Turner*, 39 Cal. 370; Pen. Code, sec. 1012.)" (*People* v. *Sanchez*, 23 Cal. App. 742 [139 Pac. 820].)

■ As to the second and third contentions, it is sufficient to note that there is abundant evidence to support the court's finding of guilt, as well as to supply the necessary corroboration required by law. No abuse of discretion appears from the court's order denying the motion for a new trial.

The order denying defendant's motion for a new trial is affirmed.

York, P. J., and White, J., concurred.