[Crim. No. 2106.   First Appellate District, Division One.—January 23, 1940.]

THE PEOPLE, Respondent, v. CARL DEININGER et al., Appellants.

Frank W. Creely and Ernest S. Leslie for Appellants.

Earl Warren, Attorney-General, William F. Cleary, Deputy Attorney-General, and Dennis Hession for Respondent.

WARD, J.—This appeal taken by notice in open court by defendants Deininger and Turner, charged jointly with one Zimmerman, is from a judgment of conviction of grand theft and from orders denying motions of the two appellants for new trials.

The facts of the case are as follows: The complaining witness E. L. Mathewson conducted a used car business in the city of Oakland. On March 30, 1939, defendant and appellant Deininger, codefendant Zimmerman, and a seventeen-year-old boy, one Stratton, started in Zimmerman's car for Mathewson's place of business. About two blocks from the place, the Stratton boy was asked to get out and await the return of the others, which he did. Upon their arrival at Mathewson's place, Zimmerman parked his car along the curb in front of the premises, directly behind a Ford V–8 phaeton which was being displayed for sale. Deininger got out of the Zimmerman car and, entering the displayed Ford, started its motor, upon which Mathewson came over to the car and he and Deininger, representing himself as a prospective purchaser, talked about the car and the terms of purchase. A few minutes later a man named Turner stepped from across the street and asked Deininger whether he was thinking of

buying a car. At Turner's approach Deininger got out of the car but continued his conversation with Mathewson regarding its purchase. Turner in the meantime entered the car, saying he would like to take a ride in it, and started the motor. Mathewson said "That is fine, but I will have to go along." Turner alternately raced and idled the motor and seemed generally to be much interested in the car. Deininger in the meantime started to reenter the car, whereupon Mathewson told Deininger that if he was the man who was going to purchase the car, he should "come over and arrange with us". At this time Mathewson's attention was diverted by the arrival of another car, and Deininger and Turner drove off. There is evidence that they called to Zimmerman, who had remained in his car behind the Ford, to wait a minute as they would be back. Zimmerman did wait about that length of time and then drove rapidly away. Turner and Deininger picked up Stratton and they drove to Zimmerman's house, where Zimmerman was already awaiting them. With tools supplied by Zimmerman, they removed the top, the fan, the air strainer, carburetor and radiator shield. Later Turner took the parties to their homes in the car, and after his own dinner, picked up Deininger and Stratton again. Finding themselves out of gasoline, Deininger, representing to a gasoline service station attendant that he was on his way to his sick mother in Martinez, obtained the necessary gasoline after signing a credit slip, showing his driver's license, from which the attendant took his name and address, and leaving the side curtains from the complainant Mathewson's car as security, promising to return and pay for the gasoline the next day, which promise, however, he did not keep. The appellants and Stratton then drove to Martinez, returning about 10:45 P. M. to the home of Zimmerman, where they threw the top which they had earlier removed, into the car, replacing none of the other parts, however, and abandoned the car at Thirty-fourth Street and Broadway, two blocks from Mathewson's place of business. Stratton later returned with an acquaintance of his and, throwing the car top on to the lawn of the house in front of which the car had been left, drove off, later again abandoning the car.

The contention on appeal is based: 1. Upon the ground that if there was a public offense committed, it was

not grand theft, but a violation of section 499b of the Penal Code or of section 503 of the California Vehicle Code; and 2. that felonious intent was not proven in the grand theft charge.

The designation of the offense charged is within the discretion of the grand jury or the prosecuting officer, and thereafter may be controlled by the trial judge. The fact that the body of the accusation charges a greater degree of crime, and does not include a lesser offense of which the defendant might have been convicted, is not the subject of appeal (Pen. Code, sec. 1237) and we are therefore confined to a consideration of the second point. Incidentally, it may be mentioned that no contention is made of any error in the admission of evidence or in the court's instructions to the jury.

From the evidence presented, a jury would be justified in determining that the Ford car in question was taken from its owner without his consent, and the existence of felonious intent is amply established by the testimony that the seventeen-year-old boy was not taken to the used car dealer but was told to wait in the street for Zimmerman and Deininger; by the inference that appellants could hardly have been considering the purchase of a car when they had not even sufficient money to buy gasoline, Deininger's earnings at the time being ten or fifteen dollars a week, and by the proof that in driving away from Mathewson's place of business Zimmerman was asked to await their return, thus to some extent pacifying and satisfying Mathewson for the moment; that Zimmerman drove away almost immediately in such an exhaust smoke from his car as to make it impossible for Mathewson to obtain his license number, and that they all met at Zimmerman's and stripped the car, leaving parts of it as security for the payment of gasoline which they needed to run it.

The question of felonious intent is for the jury to decide and may be inferred from all of the circumstances of the case. Unless the determination does violence to reason, the appellate court will not substitute its conclusion for that reached by the "constitutional as well as the statutory arbiter thereof". (*People* v. *Perkins,* 8 Cal. (2d) 502, 511 [66 Pac. (2d) 631]; *People* v. *Gilbert,* 26 Cal. App. (2d) 1 [78 Pac. (2d) 770].)

The judgment and orders appealed from are, and each of them is, affirmed.

Knight, J., and Peters, P. J., concurred.