[Civ. No. 13304.   Second Dist., Div. Two.   Dec. 22, 1941.]

BEN H. WOODCOCK, Appellant, v. THE PETROL COR-
PORATION (a Corporation) et al., Respondents.

C. P. Von Herzen and Hampton Hutton for Appellant.*

James P. Fitzpatrick, R. W. Walker and Clyde F. Murphy for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury on a creditor's bill filed by plaintiff against defendants, predicated upon a judgment that plaintiff had secured against the Big Ben Oil Company, plaintiff appeals.

Viewing the evidence in the light most favorable to defendants (respondents), the essential facts are these:

Two days before the day set for trial defendants gave

*It is to be noted that Mr. C. P. Von Herzen, one of the attorneys for appellant, was not attorney for the plaintiff in the action of *Woodcock* v. *Big Ben Oil Company*, referred to in the opinion.

notice that on the day set for trial they would move to amend their answer by adding the following affirmative defenses:

## A.

"I. That on October 1, 1937, the corporate powers of the Big Ben Oil Company had been suspended.

"II. That in November of 1938 a suit by Ben Woodcock and Earl Wisdom as trustees for the Big Ben Oil Company had been brought against respondents and that it had been alleged therein that Ben Woodcock and Earl Wisdom were the surviving trustees charged with liquidating the assets of the Big Ben Oil Company.

"III. That respondents had filed a demurrer on the ground that the corporation had been suspended for failure to pay taxes, which had been sustained.

"IV. That Ben Woodcock then filed an action against the Big Ben Oil Company for $20,000.00 for money had and received and that a default had been taken and judgment entered in favor of said Ben Woodcock.

"V. That after said judgment said Woodcock and Wisdom dismissed the suit against respondents.

"VI. That Ben Woodcock was the sole stockholder of the Big Ben Oil Company and that it was his *alter ego*.

"VII. That the judgment by Ben Woodcock against the Big Ben Oil Company was brought for the sole purpose of defrauding respondents and for the sole purpose of defrauding the United States of America, a claimant against the Big Ben Oil Company, and for the sole purpose of defrauding Katherine L. Blood, a judgment creditor of the Big Ben Oil Company, and that, by reason of this fraudulent intent, the judgment is void."

## B.

"I. Realleges all of the allegations of defense number 8.

"II. That because the Big Ben Oil Company's corporate powers had been suspended no service of process could have been made upon the company and that, therefore, the court had no jurisdiction to render a judgment in the case of *Ben Woodcock* v. *Big Ben Oil Company* and that said judgment is void."

## C.

"I. Realleges all of the allegations of defense number 8.

"II. That, due to the above facts, defendants cannot pro-

ceed to trial safely because defendants could not pay plaintiff's claims inasmuch as said Big Ben Oil Company had been suspended and that before trial Ben Woodcock should be required to reinstate said company and to cause said company to be made a party.''

At the time of the trial the court directed proof, first, to the issue of whether plaintiff was entitled to equitable relief as a *bona fide* judgment creditor of the Big Ben Oil Company, or whether he should be denied relief because he was the holder of a judgment procured by fraud and collusion upon a spurious claim. After hearing all evidence that the parties had to adduce upon this issue the court found in substance that plaintiff had no standing in a court of equity, and that he was entitled to no relief because in procuring a judgment against the Big Ben Oil Company (upon which he predicated his right to bring the present action for equitable relief) he had practiced a fraud upon the Superior Court of Los Angeles County; also, that he had no legitimate claim for $20,000 or any other sum against Big Ben Oil Company, and the judgment was not upon the merits or for any proper purpose; and that he had been able to obtain the judgment against the Big Ben Oil Company because the latter could not defend itself.

Plaintiff relies for reversal of the judgment upon these propositions:

*First: The trial court abused its discretion in permitting defendants to amend their answer to set up the affirmative defenses set forth* supra, *because (a) none of the affirmative defenses stated facts sufficient to constitute a defense, and (b) defendants were guilty of laches in not moving to amend their answer sooner.*

*Second: The trial court committed prejudicial error in receiving evidence relative to the correctness of the judgment which plaintiff had obtained against the Big Ben Oil Company.*

*Third: There is no substantial evidence to sustain the trial court's finding of fact as follows:*

*(a) "It is not true that on or about the 6th day of December, 1938, the Big Ben Oil Company owed or was indebted to Ben H. Woodcock in the sum of $20,000.00 or any other sum."*

*(b) "That Ben H. Woodcock dominated and controlled the other directors."*

*(c) "That the judgment against the Big Ben Oil Company*

*was obtained for the purpose of defrauding the creditors of Big Ben Oil Company."*

██ Plaintiff's first proposition is untenable.

(a) If defendants' amendment to the answer did not state sufficient facts to constitute a defense, clearly such amendment did not prejudice plaintiff; and under article VI, section 4½ of the Constitution of the state of California he may not urge error thereon in this court.

██ (b) It is the established law that the amendment of a pleading lies within the sound discretion of the trial court, and that in the absence of an abuse of such discretion, as in the instant case, the trial judge's ruling will not be disturbed upon appeal. (*Fetterley* v. *Gibson*, 210 Cal. 282, 283 [291 Pac. 411].) ██ It is likewise established that the fact that new matter set up in an answer was well known to defendant when he filed his original answer is not a good ground for declining him permission to allege such matter in an amendment to his answer. (*Tolbard* v. *Cline*, 180 Cal. 240, 245 [180 Pac. 610].)

Plaintiff's second proposition is likewise without merit and is governed by the following pertinent rules of law:

██ (1) An action in the nature of a creditor's bill and for an accounting is a proceeding in equity. (*Bardwell* v. *Turner*, 219 Cal. 228, 230 [25 Pac. (2d) 978]; 7 Cal. Jur. (1922) 788, sec. 1.)

██ (2) Those who come into a court of equity seeking equity must do so with clean hands and a pure conscience. (*Manhattan Medicine Co.* v. *Wood*, 108 U. S. 218, 227 [2 Sup. Ct. 436, 27 L. Ed. 706].)

(3) It is unnecessary for either party to make objection; if a court of equity discovers that the transaction is tainted with fraud it will of its own motion institute an investigation thereof. (*Richman* v. *Bank of Perris*, 102 Cal. App. 71, 86 [282 Pac. 801]; *Primeau* v. *Granfield*, 193 Fed. 911, 913 [114 C. C. A. 549].)

(4) In a suit in equity where fraud, oppression, or undue influence is charged, the court is not concluded by that which appears on the face of the record, but may inquire into the real facts relative to the transaction. (*Wagg* v. *Herbert*, 215 U. S. 546, 551 [30 Sup. Ct. 218, 54 L. Ed. 321].)

██ Applying the foregoing rules to the facts of the instant case, it appears that the court's attention was directed

to the fact that plaintiff had procured a judgment inequitably against the Big Ben Oil Company. Therefore, the trial court was justified in receiving evidence relative to the conditions surrounding the obtaining of such judgment; and if it found that such judgment had been obtained inequitably, it was justified in withholding relief from plaintiff herein. The record shows there was substantial evidence to sustain the trial court's finding that plaintiff, one of the principal stockholders of the Big Ben Oil Company, had obtained a default judgment in the sum of $20,000 against the company, which company was unable to defend the action, due to the fact that it had not paid to the state of California its franchise tax and that, in fact, the Big Ben Oil Company was not indebted to plaintiff in the sum of $20,000. The foregoing facts being true, it would have been inequitable for the trial court to have allowed plaintiff to recover, in satisfaction of the judgment, sums of money which the defendants might owe to the Big Ben Oil Company, since to do so would be to deprive other creditors of that company of recourse to assets which would have tended to satisfy the obligations due them.

█ Plaintiff's final proposition is without merit.

(a) The secretary of the Big Ben Oil Company, Mr. Wisdom, who also kept its books, testified that the company did not owe plaintiff any money.

(b) Mr. Wisdom also testified that no answer was interposed to the suit filed by plaintiff against the Big Ben Oil Company because he was instructed by plaintiff's attorney not to do so.

(c) In view of the conceded fact that the Big Ben Oil Company had not paid its franchise tax to the state of California, and the evidence that it did not owe plaintiff any money, and that plaintiff obtained a judgment against the Big Ben Oil Company for $20,000, the inference may be reasonably deduced that the judgment was obtained by plaintiff for the purpose of defrauding the creditors of the Big Ben Oil Company.

█ We have not considered errors in the admission of testimony for the reason that the rule is settled that, where, as in the instant case, the appealing party fails to furnish this court with either argument or authorities upon a point urged as ground for reversal of the judgment, the point will be deemed to have been abandoned. (*People* v. *Epstein*, 21 Cal. App. (2d) 488, 490 [69 Pac. (2d) 454]; *Security-First*

*Nat. Bank* v. *Chapman*, 41 Cal. App. (2d) 219, 222 [106 Pac. (2d) 431].)

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 19, 1942.

Edmonds, J., and Carter, J., voted for a hearing.