[Crim. No. 3817.   Second Dist., Div. Two.   Nov. 22, 1944.]

THE PEOPLE, Respondent, v. CECIL L. RAINES, Appellant.

Alfred A. Grant for Appellant.

Robert W. Kenny, Attorney General, and Walter L. Bowers, Deputy Attorney General, for Respondent.

McCOMB, J.—From an order denying defendant's motion for a new trial after conviction of grand theft, defendant appeals.

The evidence being viewed in the light most favorable to the People (respondent), and pursuant to the rules set forth in *People* v. *Pianezzi*, 42 Cal.App.2d 270, 277 [108 P.2d 685], the essential facts are:

On September 14, 1943, defendant entered into an agreement to sell Miss Brockman, one of the complaining witnesses, and three other ladies a restaurant in the city of Los Angeles for the total sum of $1,250, of which amount $500 was paid defendant in cash. Prior to the execution of the agreement defendant stated to the complaining witnesses' agent, Mr. North, that he, ''was allowed plenty of points, of both meat points and processed points, processed food,'' and that if they, ''did business he would transfer these points through the bank and through the O.P.A.'' and that ''he had not touched the September and October points . . . and that he had possibly between 8500 and 9000 points left for August.'' On September 13, 1943, he stated to the complaining witnesses that he would transfer to them, ''between 8,500 and 9,000 points.''

The purchasers went into possession of the restaurant but found that they could not make a success because of the lack of ration points. Defendant transferred to them a total of only 1,329 points, and upon examination it developed that

defendant's ration point account at the bank had been over-drawn. Instead of having 8,500 or 9,000 points left for the month of August, he had actually drawn on the amount of points allowed him for September and October in order to cover an overdraft in his September account.

There are three questions necessary for us to determine which will be stated and answered hereunder seriatim:

First: *Was the evidence sufficient to justify the verdict?*

This question must be answered in the affirmative and is governed by the following pertinent rules of law:

█ (1) Whether a deal is a bona fide civil transaction or whether defendant intentionally obtained money from the complaining witness by making false representations is a question of fact for the determination of the trier of facts, whose determination based upon substantial evidence is binding upon an appellate court. (*People* v. *Jones,* 61 Cal.App.2d 608, 619 [143 P.2d 726]; *People* v. *Rose,* 9 Cal.App.2d 174, 175 [48 P.2d 1009].)

█ (2) The question of felonious intent is one to be determined by the trier of fact from all the circumstances of the case, and unless the determination is without any substantial support in the evidence the trier of facts' finding is conclusive upon an appellate court. (*People* v. *Walbeck,* 59 Cal.App.2d 277, 281 [138 P.2d 405]; *People* v. *Deininger,* 36 Cal.App.2d 649, 652 [98 P.2d 526].)

█ (3) The fact that the property purchased was worth the consideration paid therefor does not constitute a defense to the charge of grand theft if the jury believed, supported by substantial evidence, that defendant with intent to defraud, knowingly made false representations that certain facts existed for the purpose and with the effect of inducing the prosecuting witness to part with something of value. (*People* v. *Bryant,* 119 Cal. 595, 597 [51 P. 960]; *People* v. *Foster,* 117 Cal.App. 252, 253 [3 P.2d 586].)

█ (4) It is not a valid defense to a charge of grand theft predicated upon false representations to show that some law made it illegal for the defendant to complete the transaction. (*People* v. *Abbott,* 65 Cal.App. 120, 122 [223 P. 77].)

█ Applying the foregoing rules to the facts in the instant case, an examination of the record discloses direct testimony supporting each of the facts set forth above. From these facts the jury was fully justified in inferring that defendant knowingly, and with intent to obtain money from the prosecuting

witnesses, represented that he would transfer to them a number of ration points which he in fact knew he did not have and could not deliver to them. Hence we are bound under rules (1) and (2), *supra,* by the implied finding of the jury that it was not a bona fide civil transaction and that defendant in fact made fraudulent representations for the purpose and by which he obtained property from the prosecuting witnesses.

Under rules (3) and (4) above it becomes immaterial whether (a) the property defendant transferred was of the value he received for it or (b) defendant was prohibited from complying with his representation because of some rule or regulation.

■ Second: *Did the court err in the admission and exclusion of evidence?*

Since defendant has failed to furnish this court with either argument or authority upon this point it will be deemed to have been abandoned. (*Woodcock* v. *Petrol Corp.,* 48 Cal.App. 2d 652, 657 [120 P.2d 889]; *People* v. *Epstein,* 21 Cal.App.2d 488, 489 [69 P.2d 454].)

■ Third: *Did the trial court err in (1) overruling defendant's demurrer to the information and, (2) denying defendant's motion to set aside and dismiss the information?*

This question likewise cannot be considered by us for the rule is established in California that alleged errors in an indictment, or irregularities occurring before an issue of fact is joined by the entry of a plea may not be reviewed upon an appeal from an order denying a motion for a new trial. (*People* v. *Darcy,* 59 Cal.App.2d 342, 347 [139 P.2d 118]; *People* v. *Duncan,* 50 Cal.App.2d 184, 187 [122 P.2d 587]; *People* v. *Lovlee,* 35 Cal.App.2d 554, 556 [96 P.2d 177].)

In the present case there is no appeal from the judgment, the appeal being solely from the order denying the motion for a new trial.

For the foregoing reasons the order is affirmed.

Wood (W. J.), J., concurred.

MOORE, P. J.—I concur in the judgment. The evidence supporting the finding of appellant's fraudulent intent is his own confession that he advertised the restaurant for sale; that he accepted $500 on account of the purchase price and kept it. The witness North, agent of the buyers, testified that appellant told him that he had not touched his points for September

and October; that he was allowed approximately 90,000 meat points and 37,000 processed points and had more than 8,500 points left for August; that his points were in the Bank of America and would transfer the points at once through the bank and the O.P.A. The witness Brockman gave similar testimony. Appellant told the arresting officer he had 8,990 meat points in his account at the bank, when he sold the restaurant. (152.) The uncontradicted proof is that he received only 6,510 meat points for July and August; that at the time of the sale he had only 162 meat points; and only 1,374 points for processed foods on September 23. (143.) From such testimony the inference of a felonious intent was a rational step for the jury and its finding will not be disturbed on appeal. (*People* v. *Deininger*, 36 Cal.App.2d 649 [98 P.2d 526]; *People* v. *Telle*, 32 Cal.App.2d 217, 219 [89 P.2d 451]; *People* v. *Perkins*, 8 Cal.2d 502, 511 [66 P.2d 631].)