[Civ. No. 14886. Second Dist., Div. Two. Sept. 19, 1945.]

CHARLES E. HEGLIN et al., Respondents, v. F. C. B. A. MARKET, INC., Appellant.

Gordon, Fee & Camplin for Appellant.

No appearance for Respondents.

McCOMB, J.—From a judgment in favor of plaintiffs after trial before a jury in an action to recover damages for the wrongful death of plaintiff Charles E. Heglin's wife, defendant F. C. B. A. Market, Inc. appeals.

The evidence* being viewed in·the light most favorable to the plaintiffs (respondents), the essential facts are:

About 7 p. m., October 7, 1942, a Ford truck owned by defendant F.C.B.A. Market, Inc. and driven by defendant Reynosa, an employee of the aforesaid market, in the intersection of Normandie Avenue and 208th Street, Los Angeles County, collided with an automobile driven by plaintiff Charles E. Heglin. As the result of the accident Mrs. Heglin, who was riding in the car with her husband, received injuries from which she died. At the time of the accident both cars were being driven with lights dimmed in compliance with war-time "dim-out" regulations.

Defendant F.C.B.A. Market, Inc. relies for reversal of the judgment on three propositions which will be stated· and answered hereunder seriatim:

First: *Plaintiff Charles E. Heglin was guilty of contributory negligence as a matter of law in not complying with the requirements of (a) section 550 (b) of the Vehicle Code, and (b) section 525(a) of the Vehicle Code.*

This proposition is untenable.

■ (a) Section 550(b) of the Vehicle Code requires that when two vehicles enter an intersection from different highways at the same time, the driver of the vehicle on the left shall yield the right of way to the driver of the vehicle on the right.

---

*It should be noted that plaintiffs (respondents) have failed to file any brief and the cause has been submitted pursuant to the provisions of rule 17b, Rules on Appeal.

This section is not applicable to the facts in the present case because the two vehicles did not enter the intersection at the same time. Mr. Heglin testified that while he was crossing the intersection of Normandie and 208th Streets, driving in a northerly direction, Mr. Reynosa, driving the truck owned by defendant F.C.B.A. Market, Inc., drove through a boulevard stop into the intersection and hit the automobile Mr. Heglin was driving.

 (b) It is conceded that plaintiff Heglin was operating his car upon the right hand side of the highway but near the center thereof. Section 525 (a) of the Vehicle Code requires one driving on a public highway to drive on the right half and as close as practicable to the right hand curb or edge of the roadway. It was a question of fact for the jury to determine whether or not from the evidence in view of the ''dim-out'' restrictions plaintiff was driving upon the right-hand half of the highway as close as practicable to the right-hand curb of the roadway.

The jury having impliedly found that in view of the circumstances plaintiff was driving as near to the right-hand curb of the highway as was practicable its finding will not be disturbed by this court. (*Tuderios* v. *Hertz Drivurself Stations, ante,* pp. 192, 196 et seq. [160 P.2d 554], and cases cited therein.)

 Second: *There is not any substantial evidence to support the jury's finding that Mr. Reynosa, the driver of the truck owned by defendant F.C.B.A. Market, Inc., was driving the vehicle with the permission of the owner.*

This proposition is likewise untenable. The law is established in California that, if there is proof that an automobile (1) belongs to an employer, and (2) at the time of an accident is being operated by an employee of the owner, an inference arises sufficient to support a finding that the employee was operating the automobile by the authority of his employer. (*Shields* v. *Oxnard Harbor Dist.,* 46 Cal.App.2d 477, 487 [116 P.2d 121]; *Bushnell* v. *Yoshika Tashiro,* 115 Cal.App. 563, 565 [2 P.2d 550].)

It is conceded that (1) the truck driven by defendant Reynosa was owned by his codefendant F.C.B.A. Market, Inc., and (2) at the time of the accident defendant Reynosa was an employee of said codefendant. Therefore under the rule above stated an inference arose sufficient to support the jury's

finding that defendant Reynosa was driving the truck with the permission of its owner.

*Souza* v. *Corti*, 22 Cal.2d 454 [139 P.2d 645, 147 A.L.R. 861], is not applicable to the facts in the instant case for the reason that insofar as the judgment was reversed as to the defendant Joseph Gigle, there was no proof either express or implied, that he had given permission to defendant Corti to drive his car at the time of the accident which resulted in personal injuries to plaintiff.

Third: *The "dim-out" regulations affected the question of the alleged contributory negligence of plaintiff Heglin.*

Defendant F.C.B.A. Market, Inc. has not furnished us with argument or authority bearing upon this proposition; therefore the point is deemed to have been abandoned and will not be considered by us. (*People* v. *Raines*, 66 Cal.App.2d 960, 963 [153 P.2d 424]; *Woodcock* v. *Petrol Corp.*, 48 Cal.App.2d 652, 657 [120 P.2d 889].)

For the foregoing reasons the judgment is affirmed.

Moore, P. J., concurred.