[Crim. No. 6105. Second Dist., Div. Three. May 28, 1958.]

THE PEOPLE, Respondent, v. CHARLES W. BLUE, Appellant.

Ellery E. Cuff, Public Defender (Los Angeles), James P. Nunnelley and Richard F. Bird, Deputy Public Defenders, for Appellant.

Edmund G. Brown, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Respondent.

VALLÉE, J.—By amended information defendant Blue, called defendant, and Richard J. Du Bey were charged in count I with robbery in that on May 10, 1957, they feloniously by means of force and fear took $7,875 from Harry L. Cline, and that at the time they were armed with a .45 caliber automatic pistol; in count II with robbery in that on May 10, 1957, they feloniously by means of force and fear took $53.99 from Elbert Fraijo, and that at the time they were armed with a .45 caliber automatic pistol; in count III, with assault with intent to commit robbery in that on May 10, 1957, they feloniously committed an assault on Harry L. Cline with the intent to steal from his person and immediate presence personal property in his possession without his consent and to accomplish

the taking by means of force and fear, and that at the time they were armed with a .45 caliber automatic pistol; in count IV, with assault with intent to commit robbery in that on May 10, 1957, they feloniously committed an assault on Elbert Fraijo with intent to steal from his person and immediate presence personal property in his possession without his consent and to accomplish the taking by means of force and fear, and that at the time they were armed with a .45 caliber automatic pistol.

On June 26, 1957, defendant pleaded "guilty" to counts III and IV, and admitted being armed at the time of the commission of the offenses charged in counts III and IV, and "not guilty" to counts I and II. At that time trial as to counts I and II was set for July 22, 1957, and further proceedings as to counts III and IV continued to July 24, 1957.

On July 22, 1957, when the cause was called for trial as to counts I and II defendant entered the further plea that he had already been convicted of the offenses charged in those counts by his pleas of "guilty" on June 26, 1957, to counts III and IV. With respect to counts I and II defendant waived a jury trial and it was stipulated that the People's case be submitted on the transcript of the preliminary hearing subject to the right to produce additional evidence. Witnesses were heard on behalf of the People, following which all parties rested. The court found defendant guilty as charged in counts I and II, found against him on his pleas of former conviction, and that he had not been in "double jeopardy." Defendant was sentenced to state prison on all counts, the sentences as to counts I and III to run concurrently with each other, the sentences as to counts II and IV to run concurrently with each other, and the sentences as to counts II and IV to run consecutively with counts I and III. Defendant appeals from the judgment and the order denying his motion for a new trial.

It is defendant's only contention that the court erred in finding for the People on the pleas of former conviction to counts I and II which followed his pleas of "guilty" to counts III and IV. He argues that his pleas of "guilty" to counts III and IV constituted a conviction thereof; that count I was identical in fact with count III, and count II was identical in fact with count IV; that the crime of robbery necessarily included that of assault with intent to commit robbery.

Harry L. Cline owned an apartment house in Arcadia. He lived in apartment 1. On May 10, 1957, he and a guest, Elbert

Fraijo, were in that apartment watching television. About 8:15 p. m. defendant and Du Bey entered the apartment. Cline testified: Immediately after entering Du Bey said, "Los Angeles Police, County Police Department." He asked Du Bey for his credentials, whereupon Du Bey hit him on the neck with his fist. Defendant hit him with a ".45 automatic" across the neck, made him lie on the floor face down, and told him not to look around or he would have his brains blown out. He was "tied" with buckskin string and tape. He cannot say who tied him. Defendant stood over him with the gun, telling him to lie still. Du Bey went into the bedroom and went through his suitcase, clothes, and socks. Fraijo fell on his knees with his hands tied back of him. He was crying. He did not see who tied Fraijo. Du Bey came back into the room, caught Fraijo by the hair, raised him, hit him in the face with his fist, and told him to "Shut up."

Fraijo testified: Immediately after entering, Du Bey said "We are from the Los Angeles County Sheriff's Police Department." Cline said, "Show us your badge," whereupon Du Bey hit Cline, knocked him down, and tied his legs and hands; told him (Fraijo) to kneel on the floor. Du Bey, with the .45 automatic in his hand, told Cline not to say a word or he would shoot him. Du Bey tied him (Fraijo), taped his mouth, and hit him on his neck with his wrist and the edge of his hand. All the rooms of the apartment were searched by defendant and Du Bey.

After they had completed searching the apartment defendant and Du Bey left. One hundred forty dollars cash, a $7,730 cashier's check, and a .22 caliber long rifle pistol were taken from Cline. Fraijo's wallet, containing $40 cash, a check for $13.99, and personal papers, was taken from Fraijo.

"No person shall be twice put in jeopardy for the same offense." (Const., art. I, § 13.) When the defendant is convicted or has been once placed in jeopardy upon an accusatory pleading, the conviction or jeopardy is a bar to another prosecution for the offense charged in such accusatory pleading or for an offense necessarily included therein of which he might have been convicted under that accusatory pleading. (Pen. Code, § 1023.) ■ It is settled "that no person shall be convicted of both an included and a greater offense." (*People* v. *Greer*, 30 Cal.2d 589, 601 [184 P.2d 512]; *People* v. *Mims*, 136 Cal.App.2d 828, 830 [289 P.2d 539]; *People* v. *Armstrong*, 100 Cal.App.2d Supp. 852 [224 P.2d 490].)

Stated another way, a conviction of a lesser offense included in a greater will bar a prosecution for the greater if on an information for the greater the accused can be convicted of the lesser. (*Giles* v. *United States*, 9 Cir., 157 F.2d 588, 590.)

■ ''Although section 1023 refers to a situation where the prosecution for the greater offense is first in time, there is no such limitation in the cases. If the defendant is tried first for assault and later for battery, the prosecution for the included offense bars the subsequent prosecution for the greater offense. [Citations.] 'A conviction of the lesser is held to be a bar to [the] prosecution for the greater on the theory that to convict of the greater would be to convict twice of the lesser.' [Citation.] If this were not the rule, section 1023 could be vitiated by the simple device of beginning with a prosecution of the lesser offense and proceeding up the scale. . . . ■ The prosecution cannot avoid the consequences of a conviction of a necessarily included offense by charging the included offense in a separate count, on the theory that a conviction under such circumstances constitutes a conviction of a separate offense. . . . The form of pleading cannot assume such importance that it will permit defendant to be convicted of both the included and the greater offense.'' (*People* v. *Greer*, 30 Cal.2d 589, 597-599 [184 P.2d 512].)

In *People* v. *Logan,* 41 Cal.2d 279 [260 P.2d 20], the defendant was charged with robbery and assault with a deadly weapon. The defendant slipped up behind the victim, hit her with a baseball bat, and snatched her purse. Holding ''the striking of the victim with the baseball bat and the taking of the purse constituted a single, indivisible transaction,'' the court stated (p. 290):

''The one act of inflicting force with the bat cannot both be punished as assault with a deadly weapon and availed of by the People as the force necessary to constitute the crime of robbery, for 'co-operative acts constituting but one offense when committed by the same person at the same time, when combined, charge but one crime and but one punishment can be inflicted.' (*People* v. *Clemett* (1929), 208 Cal. 142, 144 [280 P. 681]; *People* v. *Greer* (1947), 30 Cal.2d 589, 604 [184 P.2d 512]; *People* v. *Knowles* (1950), 35 Cal.2d 175, 187 [217 P.2d 1].)''

■ Defendant's pleas of guilty to counts III and IV constituted convictions of the offenses charged in those counts. The court in *People* v. *Goldstein,* 32 Cal. 432, stated (p. 433):

''Where a defendant pleads guilty, and his plea is entered

of record as provided in the Criminal Practice Act, (§ 300,) he stands convicted in the eye of the law as fully as he would have been by a verdict of guilty. He is convicted by his plea, and there is, therefore, no occasion for a trial, and nothing remains to be done except to pronounce judgment. On the question of former conviction there can be no distinction between a plea and a verdict of guilty, for both are followed by the same consequences.

"Nor is it necessary that a judgment should have been pronounced upon the conviction to make the plea of former conviction good."

Referring to this quotation from *People* v. *Goldstein, supra,* 32 Cal. 432, Mr. Justice Dooling in *People* v. *Mims,* 136 Cal. App.2d 828 [289 P.2d 539], wrote (p. 831):

"The reasoning of this case appears to us to be unanswerable, but even if it were open to question, under a well settled principle of constitutional construction, we are foreclosed from reexamining it now. The right not to be placed twice in jeopardy for the same offense was contained in the California Constitution of 1849. (Const. 1849, art. I, § 8.) It was that constitutional provision which the Supreme Court construed in *People* v. *Goldstein, supra.* The same provision against being placed twice in jeopardy was readopted in the present Constitution. It is settled by a long line of authorities that where a provision of the earlier Constitution had been construed by the Supreme Court it must be presumed that the framers of the present Constitution in readopting it intended it to have the same effect. [Citations.] We conclude that the regular entry of the plea of guilty placed respondent in jeopardy within the meaning of article I, section 13, of our Constitution."

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (Pen. Code, § 211.) Every person who assaults another with intent to commit robbery is guilty of a public offense. (Pen. Code, § 220.) ■ Robbery is a combination of assault and larceny. (*People* v. *Wallace,* 36 Cal. App.2d 1, 4 [97 P.2d 256].) ■ The offense of assault with the intent to commit robbery is necessarily included in the offense of robbery. In *People* v. *Allen,* 32 Cal.App. 110 [162 P. 401], the defendant was charged with robbery. He was found guilty of assault with intent to commit robbery. On review he contended he could not be convicted of that offense

because he was charged with robbery. The court stated (p. 114):

"There is evidence which clearly tends to prove that defendant was guilty as charged in the information, namely; that while Horgan, at the point of a loaded pistol, commanded those in the gambling-room to hold up their hands, and by means of such force and fear resulting therefrom, he, the defendant, proceeded, against the will of Widener, to take money from his pockets. That it was done with a guilty intent, admits of no doubt. In order, however, to constitute robbery, the defendant must have obtained money from Widener. Upon this point the evidence is in conflict, and apparently the jury were not convinced beyond a reasonable doubt that he obtained any money in the search of Widener's pockets. Such act, assuming no property was obtained from him, while incomplete as a robbery, possessed all the elements of robbery other than the taking of money. The assault was made and made with the intent to rob. That it was not accomplished may be due to the fact that Widener possessed no money, or to other causes. While an assault with intent to commit a crime may constitute an attempt, the converse of the proposition is not true, since there may be an attempt to commit a crime, such as larceny, for instance, unaccompanied by an assault. In robbery, however, there must be an assault, accompanied by an intent to rob, and the actual taking of the property by force and against the will of the one robbed; and since this is true, the lesser crime, namely, an assault with intent to commit robbery, lacking in the one element of the crime charged, is included in the offense for which defendant was prosecuted." (Also see *People* v. *Foss*, 85 Cal.App. 269 [259 P. 123].)

In *Colson* v. *Johnston*, 35 F.Supp. 317, it was held that proof of robbery of a mail pouch, in the course of which lives of postal employees were placed in jeopardy by the use of dangerous weapons, necessarily included proof of every element of the offense of assaulting postal employees with intent to rob.

*In re Chapman*, 43 Cal.2d 385 [273 P.2d 817], relied on by respondent, is not in point. In that case the defendant was charged with robbery and assault with force likely to produce great bodily injury. The assault was committed after the robbery had been accomplished and the court held that in view of that fact the acts were separate and distinct. The court said, however, that "if there is but a single act

of force provided as an essential element of the crime of robbery then such act of force cannot also be availed of as constituting a separate crime and only one punishment may be had.'' Referring to *People* v. *Logan, supra,* 41 Cal.2d 279, the court in *People* v. *Galvin,* 148 Cal.App.2d 285 [306 P.2d 575], stated (p. 293) :

''In said case, the decisive factors were that the defendant struck his victim a vicious blow upon the head with a baseball bat, then snatched her purse, containing money, and fled. The instant case is like that and must be distinguished from cases like *In re Chapman,* 43 Cal.2d 385 [273 P.2d 817], where the victim was first robbed by being menaced by one of the robbers with a deadly weapon and placed in fear, then fled and was pursued, tackled by one defendant and beaten with the weapon by the other, the decision being that the assault was a separate, divisible act, independent of the robbery and not an element thereof.''

Where, as here, there is no dispute as to the facts, whether the accused has been formerly convicted or formerly was once in jeopardy is a question of law and not of fact. (*People* v. *Brain,* 75 Cal.App. 109, 110 [241 P. 913] ; *People* v. *Conson,* 72 Cal.App. 509, 511 [237 P. 799] ; *People* v. *Wilkison,* 30 Cal.App. 473 [158 P. 1067] ; *People* v. *Newell,* 192 Cal. 659, 668 [221 P. 622] ; *People* v. *Warren,* 16 Cal.2d 103, 113-114 [104 P.2d 1024].) It is evident the acts relied on to support the prosecution for robbery charged in count I are *the same acts* as those forming the basis of the prosecution for assault with intent to commit robbery under count III. The same is true with respect to counts II and IV. The charge of robbery in count I arose out of the same transaction which gave rise to and formed the gravamen of count III. The same comment applies to counts II and IV. The evidence introduced to prove the robbery of Cline was the assault made on him by defendant and Du Bey. The force used to accomplish the robbery was the same force used to accomplish the assault. The assault on Cline was a necessary and integral requirement to prove the corpus delicti of count I. Likewise, the evidence introduced to prove the robbery of Fraijo was the assault made on him by defendant and Du Bey. The assault on Fraijo was a necessary and integral requirement to prove the corpus delicti of count II. It is apparent from the description of the criminal transaction in the testimony of Cline and Fraijo, who were the only persons present other than defendant and Du Bey, that from the time defendant and

Du Bey entered the apartment until they left, the tying and striking of Cline and Fraijo, the menacing with the gun, and the taking of their personal property constituted a single, indivisible transaction. Defendant now stands convicted of both the included and the greater offenses.

The comment in *People* v. *Krupa*, 64 Cal.App.2d 592 [149 P.2d 416], is pertinent (p. 603):

"It is true that the effect of this holding is that defendant escapes punishment for the more serious offense; violation of section 11714, Health and Safety Code, a felony, and suffers only the lighter punishment prescribed for an offense under section 702, Welfare and Institutions Code, a misdemeanor. This result does not, necessarily, show a weakness in the law. The doctrine that no man shall be put in jeopardy twice for the same offense is based upon sound and fundamental principles, which are recognized by both the federal and state Constitutions. The fault in the present case, if any there be, lies in the procedure adopted. It was within the discretion of the law enforcement authorities to prosecute defendant for either the felony or the misdemeanor. They elected to frame an information charging the two identical offenses. This made it possible for the defendant to adopt the procedure he did."

The judgment and the order denying a new trial as to counts I and II are reversed. The judgment and the order denying a new trial as to counts III and IV are affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied June 23, 1958, and respondent's petition for a hearing by the Supreme Court was denied July 23, 1958. Schauer, J., and Spence, J., were of the opinion that the petition should be granted.